UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAWN WRIGHT, | : | |
| Plaintiff, | : | Civil No. 09-4186 (RMB) |
| v. | : | |
| A. ROBINSON et al, | : | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | : | |

IT APPEARING THAT:

1.  In August 2009, the Clerk received Plaintiff's complaint ("Complaint"), executed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).  See Docket Entry No. 1.  The Complaint arrived unaccompanied by Plaintiff's filing fee or by his complete in forma pauperis ("IFP") application.  See id. (While Plaintiff submitted his affidavit of poverty, he failed to submit his certified six-month prison account statement required by 28 U.S.C. § 1915(a)(2).  See id.)

2.  Consequently, the Court denied Plaintiff IFP status without prejudice and directed administrative termination of this matter subject to reopening upon Plaintiff's submission of his six-month prison account statement.  See Docket Entry No. 2.  Plaintiff duly cured the deficiency of his IFP application.  See Docket Entry No. 3.

3.  In light of Plaintiff's submission, the Court will grant Plaintiff IFP status, direct assessment of filing fee in accordance with the terms stated below, and order the Clerk to file the Complaint.  In addition, the Court will dismiss Plaintiff's Complaint.

Such dismissal will be with prejudice since, as the Court details below, it does not appear that Plaintiff can cure the deficiencies of his pleadings by amendment.

a. Here, Plaintiff asserts that, on August 26, 2007, he had an argument with several inmates, following an altercation he had with another inmate, named "Holloway"; that altercation was followed by another altercation between Plaintiff and inmates named "Price, Coleman and Hughes." See Docket Entry No. 1, at 3.  Plaintiff alleges that, as a result of these two sequential altercations, he suffered punches and even stubbing.  See id.  The Complaint indicates, in no ambiguous terms, that Plaintiff was immediately provided with medical care by his prison officials.  See id.  However, Plaintiff maintains that his constitutional rights were violated because: (i) Defendant Robinson, who was allegedly the officer assigned to the area where the altercations took place, stepped away for a period of fifteen minutes (that fifteen-minute period began, allegedly, shortly prior to the initiation of Plaintiff's initial argument and encompassed both altercations, plus Plaintiff's walk through the hall after the first altercation and before the second altercation); and (ii) Defendant Schultz "failed his duties to inst[r]ument and practice policy with his correction officers which provides equal protection to inmates."  Id.

b. It appears self-evident that Plaintiff cannot bring valid Bivens claims against the inmates who allegedly assaulted him: these claims should be dismissed for failure to meet the color of law requirement.

c. Plaintiff's claims against Defendant Schultz are subject to dismissal.  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e) (2) (B) an § 1915A.  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint as "frivolous" is an objective one.  See Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).  Recently, the Supreme Court clarified the standard for

summary dismissal in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The issue before the Supreme Court was whether <u>Iqbal</u>'s civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

<u>Iqbal</u>, 129 S. Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

Id. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 550 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that applied to federal complaints before Twombly.[1]  See Fowler, 578 F.3d 203.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's

---

[1] Under Conley, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Under this "no set of facts" standard, a complaint could effectively survive [dismissal] so long as it contained a bare recitation of the claim's legal elements.

>     entitlement to relief.  A complaint has to "show" such an
>     entitlement with its facts.  As the Supreme Court instructed in
>     Iqbal, "[w]here the well-pleaded facts do not permit the court to
>     infer more than the mere possibility of misconduct, the complaint
>     has alleged-but it has not 'show [n]'-'that the pleader is entitled to
>     relief.'"  This "plausibility" determination will be "a
>     context-specific task that requires the reviewing court to draw on
>     its judicial experience and common sense."

Fowler, 578 F.3d 203 (citations omitted).

d. The specificity requirement applies full-force to claims against supervisory officials.  Indeed, the Iqbal Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a respondeat superior theory or on the basis of some general link to allegedly responsible individuals or actions.  See Iqbal, 129 S. Ct. at 1948-49 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior . . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution. . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); accord, e.g., Richards v. Pennsylvania, 196 Fed. App'x 82, 85 (3d Cir. 2006) (the court, in Section 1983 action alleging excessive force in arrest, agreed with a magistrate judge that plaintiff's "failure to allege personal involvement on the part of defendant [who was the deputy warden] proved fatal to [plaintiff's] claims"); Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" in order to be liable) (citing Rode v.

   Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); Johnstone v. United States, 980 F. Supp. 148, 151-52 (E.D. Pa. 1997) (court sua sponte dismissed claims against government official because "there is no indication" that the officer "had any personal involvement in the alleged constitutional deprivations," and plaintiff therefore could not "prove any set of facts that would entitle him to relief against [the officer]").  Here, Plaintiff's claim that Schultz "failed his duties to inst[r]ument and practice a policy with his correction officers," Docket Entry No. 1, at 3, is a respondeat superior claim asserting liability solely on Defendant Schultz's supervisory capacity rather than Schultz's purposeful involvement in the injuries allegedly suffered by Plaintiff as a result of his altercations (first with Holloway, and then with Price, Coleman and Hughes).

e. Plaintiff's claims against Defendant Robinson fare no better.  The Eighth Amendment to the United States Constitution prohibits a State from inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v. Chapman, 452 U.S. 337 (1981).  The Supreme Court has construed the Eighth Amendment as prohibiting "conditions" that involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment.  See id. at 347.  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The objective element questions whether the deprivation of a basic human need is sufficiently serious; the subjective component asks whether the officials acted with a

sufficiently culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  This subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" See Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297) (internal quotation marks, emphasis, and citations omitted); Rhodes, 452 U.S. at 345.  Here, Plaintiff asserts that Robinson violated Plaintiff's rights by stepping away from Robinson's post for fifteen minutes; Plaintiff reads this absence as failure to protect him from the danger of altercation with Holloway, and the danger of the next altercation with Price, Coleman and Hughes.  In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded that particular excessive risk to inmate safety.  See id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). "Whether … prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that … prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.  Simply put, deliberate indifference is qualitatively more than a mere lack of ordinary due care: it is a state of mind equivalent to a reckless disregard of a *known* risk of harm.  See Farmer, 511 U.S. at 834.  Assessed in light of that standard, Plaintiff's Complaint states no cognizable claim against

        Robinson: at no point does Plaintiff allege that Robinson knew that Plaintiff might be involved in an altercation with Holloway, or in another altercation with Price, Coleman and Hughes.  Indeed, no statement in the Complaint suggests, even vaguely, that Holloway, Price, Coleman or Hughes had a series of previous frictions with Plaintiffs (or that these frictions were known to Robinson), or that Robinson had any information about Holloway, Price, Coleman or Hughes' prior violent conflicts with prisoners other than Plaintiff, or that Holloway, Price, Coleman or Hughes were removed from prison general population because of their violent tendencies but escaped such special housing and attacked Plaintiff. In other words, Plaintiff faults Robinson for simply "not being there."  Since the Complaint fails to state any fact suggesting that Robinson had any knowledge about the specific risk of harm Plaintiff was facing from Holloway, Price, Coleman or Hughes, Plaintiff's claims against Robinson have to be dismissed.

f.      In light of the foregoing, granting Plaintiff leave to amend his Complaint appears wholly futile.  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).  "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  Here, Plaintiff states, in no ambiguous

terms, that he seeks to bring claims against Schultz solely on the grounds of Schultz's supervisory capacity, and his claims against Robinson are faulting Robinson not for deliberate indifference but for merely coincidental absence from the post during the fifteen minutes when Plaintiff had arguments and altercations with Holloway, Price, Coleman and Hughes.  Therefore, Plaintiff's claims will be dismissed in their entirety and without prejudice.[2]

IT IS on this **23rd** day of **April 2010**,

**ORDERED** that the Clerk shall reopen this matter (for the Court's examination of Plaintiff's in forma pauperis application and accompanying screening of Plaintiff's complaint) by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that the Plaintiff's application to proceed in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b) is hereby granted; and it is further

**ORDERED** that the Clerk of the Court is to file the Complaint in the above-captioned action; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order by regular mail upon the United States Attorney for the State of New Jersey and upon the warden of the place of Plaintiff's confinement; and it is further

---

[2] In the event the Court misconstrues Plaintiff's Complaint, the Court finds it prudent to provide Plaintiff with one more opportunity to state his claims in the event Plaintiff believes he has viable claims in accordance with the Court's guidance provided herein.

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

**ORDERED** that an initial partial filing fee shall be deducted and, until the $350.00 filing fee is paid, in each succeeding month during which the amount in Plaintiff's account exceeds $10.00, the agency having custody of him shall assess, deduct from his account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to his account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall be referenced to the civil docket number of this action; and it is further

**ORDERED** that Plaintiff's Complaint, Docket Entry No. 1, is DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"" and shall serve a copy of this Memorandum Opinion and Order by regular mail upon the Plaintiff and shall close the file on this matter; and finally

**ORDERED** that in the event Plaintiff submits an amended complaint within 30 days from the date of the entry of this Order, the Court will direct the Clerk to reopen this matter and will screen the amended complaint for sua sponte dismissal.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**