UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAWN WRIGHT, | : | |
| Plaintiff, | : | Civil Action No. 09-4186 (RMB) |
| v. | : | |
| A. ROBINSON et al, | : | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | : | |

This matter comes before the Court upon Plaintiff's submission of an amended complaint, see Docket Entry No. 7, and it appearing that:

1. In August 2009, the Clerk received Plaintiff's complaint ("Complaint"), executed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). See Docket Entry No. 1. The Complaint arrived unaccompanied by Plaintiff's filing fee, and his in forma pauperis ("IFP") application was submitted incomplete. See id.

2. Consequently, the Court denied Plaintiff IFP status without prejudice and directed administrative termination of this matter subject to reopening upon Plaintiff's submission of his six-month prison account statement. See Docket Entry No. 2. Plaintiff duly cured the deficiency of his IFP application. See Docket Entry No. 3.

3. In light of Plaintiff's submission, the Court granted Plaintiff IFP status, directed assessment of filing fee and, upon screening the complaint for sua sponte dismissal, dismissed the complaint for failure to state a claim upon which relief can be granted. See

|   |   |
|---|---|
|   | Docket Entry No. 5. The Court issued a memorandum opinion and order ("April Opinion") to that effect guiding Plaintiff, in detail as to the pertinent legal regime. <u>See</u> <u>id.</u> |
| 4. | Specifically, in its April Opinion, the Court noted that Plaintiff's complaint asserted that, on August 26, 2007, Plaintiff had an argument with several inmates, following which he had an altercation with another inmate; that altercation was immediately followed by another altercation between Plaintiff and three other inmates. Plaintiff also alleged that, as a result of these two sequential altercations, he suffered punches and stabbing. The complaint indicated that Plaintiff was immediately provided with medical care by his prison officials. The complaint, however, also indicated Plaintiff's opinion that his constitutional rights were violated because: (i) Defendant Robinson, who was allegedly the officer assigned to the area where the altercations took place, left his post for a period of fifteen minutes, <u>i.e.</u>, leaving shortly prior to the initiation of Plaintiff's initial argument and returning at the time of the second altercation; and (ii) Defendant Schultz violated Plaintiff's rights by being the supervisor of the facility where incident took place. |
| 5. | The April Opinion clarified to Plaintiff that his claims against Schultz were subject to dismissal under the holding of <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), which unambiguously explained that allegations based on the pure theory of <u>respondeat</u> <u>superior</u> were insufficient to state a viable claim. |
| 6. | The April Opinion also pointed out that Plaintiff's claims against Robinson fared no better since, to state a failure-to-protect claim under the Eighth Amendment, an inmate had to satisfy both objective and subjective elements, <u>see</u> <u>Farmer v. Brennan</u>, 511 U.S. |

825, 834 (1994), by assertions showing that he was incarcerated under conditions posing a substantial risk of harm, and the prison officials were aware of that particular risk of harm but acted in deliberate indifference of it.  In no ambiguous terms, the April Opinion explained to Plaintiff that deliberate indifference is qualitatively more than a mere lack of ordinary due care: the Court stressed that deliberate indifference is a state of mind equivalent to a reckless disregard of a known risk of harm.

7. Applying that standard to Plaintiff's claims, the Court's April Opinion clarified to Plaintiff that his assertions that Robinson was negligent in leaving the post could not be equated with facts plausibly showing that Robinson knew but recklessly disregarded the particular risk of harm that Plaintiff eventually experienced (since Plaintiff asserted no facts whatsoever showing that Robinson had a reason to know about Plaintiff's upcoming altercations with other inmates when Robinson left his post for the reasons that were wholly unrelated to Plaintiff or to the inmates with whom Plaintiff eventually engaged in altercations.)  The Court's analysis concluded with the observation that, while Plaintiff faulted Robinson for simply not being there to protect Plaintiff (or for failing to deter inmates from engaging in altercations by the mere fact of Robinson's presence), Plaintiff's self-serving faulting of Robinson could not be equated with a valid claim and, hence, had to be dismissed.[1]  See Docket Entry No. 5.

---

[1] Since the volume of the Court's April Opinion is rather substantial, and it includes extensive discussion of relevant legal sources, the Court will not reiterate the very same analysis and citations in this Memorandum Opinion and Order.  Therefore, the Court incorporates the details of its April Opinion in this decision by reference.

8. However, out of an abundance of caution, the Court allowed Plaintiff an opportunity to submit an amended complaint in the event the Court deduced the gist of Plaintiff's factual allegations incorrectly. See id.

9. In response, Plaintiff submitted his amended complaint. See Docket Entry No. 7.

10. The amended complaint is, effectively, a motion for reconsideration of the Court's April Opinion since, in his amended complaint, Plaintiff: (a) once again, details facts showing that he was given medical care right upon suffering his injuries, see id. at 2-3; (b) reasserts, anew, that his claims against Schultz are based on Schiltz's supervisory capacity, see id. at 5 (asserting Plaintiff's beliefs that "Schultz failed in his duties to oversee and adjust a practice of policy which provides [better] protection"); and (c) repeated, also anew, his beliefs that, had Robinson not left his post, Plaintiff would not have gotten involved in the arguments that eventually led to altercations.[2] See id. at 4. In sum, the point that Plaintiff's amended complaint alleges is that Plaintiff's original allegations should have been deemed sufficient and should have survived sua sponte dismissal in light of Plaintiff's hopes that, during discovery, he might discover facts favorable to his position. See id. at 4.

11. To the degree Plaintiff's amended complaint can be construed as a bona fide re-pleading seeking to cure the deficiencies of Plaintiff's original complaint, the amended complaint is subject to dismissal for the very reasons the Court already articulated in its April

---

[2] In addition, Plaintiff attempted to assert a claim on behalf of the estate of another inmate who, allegedly, died as a result of undue delay in medical care. See Docket Entry No. 7, at 3. However, Robinson has no standing to raise any challenges on behalf of the estate of that inmate.

      Opinion, i.e., Plaintiff's claims against Schultz are insufficient (being based on Schultz's supervisory capacity and in light of complete absence of Schultz's personal involvement in the alleged incident suffered by Plaintiff), Plaintiff's allegations against Robinson amount, at most, to an assertion that Robinson was negligent and, as such, cannot qualify as facts plausibly suggesting Robinson's deliberate indifference to the specific risk suffered by Plaintiff, while the allegations depicting prompt and continuous rendition of medical care indicate that Plaintiff cannot state any claim for undue denial of such care. In sum, Plaintiff's amended complaint suggests, if anything, that Plaintiff cannot assert any facts that might give rise to a viable Bivens claim and, therefore, granting Plaintiff further leave to amend wound be facially futile.[3]

12.    To the degree Plaintiff's amended complaint can be construed as Plaintiff's motion for reconsideration, no alteration to the conclusions reached in the April Opinion appears warranted. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and

---

[3] Plaintiff's hopes that, upon discovery, he might encounter certain facts favorable to his position cannot cure the shortcomings of his pleading. "[T]he question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S. at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] 'generally,' [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label 'general allegation' [in hope of developing actual facts through discovery]." Iqbal, 129 S. Ct. at 1949-54.

Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998).  In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories).  Here, Plaintiff's amended complaint states nothing but Plaintiff's disagreement with the conclusions reached in the April Opinion.

IT IS, therefore, on this 14th day of September 2010,

**ORDERED** that the Clerk shall reopen this matter (for the Court's examination of Plaintiff' amended complaint) by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that the Plaintiff's amended complaint, Docket Entry No. 7, is dismissed, with prejudice, for failure to state a claim upon which relief can be granted; and it is finally

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"" and shall serve a copy of this Memorandum Opinion and Order by regular mail upon the Plaintiff.

        s/Renée Marie Bumb
        **Renée Marie Bumb**
        **United States District Judge**